IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLONCO R. DAVIS : | CIVIL ACTION |
| : | |
| v. : | NO. 06-3550 |
| : | |
| MICHAEL J. ASTRUE, *Commissioner of the* : | |
| *Social Security Administration* : | |

MEMORANDUM AND ORDER

**Kauffman, J.**                                                                                           July   30 , 2007

      Plaintiff Blonco R. Davis ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration, Michael J. Astrue ("Commissioner"), partially denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 201-234, 1381-1383h. Plaintiff has moved for summary judgment, and Defendant has filed his opposition. United States Magistrate Judge Timothy R. Rice has submitted a Report and Recommendation, see 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(d)(1)(c), recommending that the matter be remanded to the Commissioner so that a vocational expert may opine on a hypothetical claimant possessing all of Plaintiff's credibly established limitations.

      Because Defendant has objected to a portion of the Magistrate Judge's Report and Recommendation, this Court must "make a de novo determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(C). Having reviewed the Report and Recommendation and the Objections thereto, the Court will approve and adopt the Report and Recommendation.

**I. Procedural History**

On December 3, 2001, Plaintiff applied for disability benefits, alleging that her ability to work was limited due to a back injury and depression. R. at 96. After a hearing before an Administrative Law Judge ("ALJ"), her application was denied on January 29, 2003. R. at 56-69. Plaintiff appealed, and on February 19, 2004, the Appeals Council remanded her application for further consideration. R. at 91-94. A supplemental hearing was scheduled, but Plaintiff did not attend, alleging that she was in too much pain. After a second hearing, held in Plaintiff's absence, the ALJ found that Plaintiff was disabled beginning May 1, 2004, but not prior to that date. R. at 32. Plaintiff commenced this action seeking review of the ALJ's order in August 2006.

**II. Standard of Review**

<u>A. The Commissioner's Decision</u>

Judicial review of a Social Security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The scope of the Court's review of the Commissioner's decision is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the ALJ's findings of fact. See <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001); <u>Knepp v. Apfel</u>, 204 F.3d 78, 83 (3d Cir. 2000).

"The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Hartranft v.</u>

Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); see also Plummer, 186 F.3d at 427 (noting that "substantial evidence" has been defined as "more than a mere scintilla").  The standard is "deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).  In sum, "[t]he court cannot conduct de novo review of the Commissioner's decision or re-weigh the evidence of record." Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998).

### B.  The Magistrate Judge's Report and Recommendation

The Court, however, must engage in a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which Defendant has objected.  See 28 U.S.C. § 636(b)(1)(c).  The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate." Id.  In considering objections to the Report and Recommendation, the Court has independently reviewed the entire record, including the Report and Recommendation, the ALJ's decision, the transcript of the hearing, the hearing exhibits, and the parties' briefs.

## III.  Social Security Law

Title XVI of the Act provides for the payment of disability benefits to indigent persons under the SSI program.  See 42 U.S.C. § 1382(a).  "Disability" is defined as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(A).  The Act further provides:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work.  For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 1382c(a)(3)(B).  The claimant carries the initial burden of proving disability.  See Plummer, 186 F.3d at 428.  Once the claimant establishes an inability to perform her prior work, the burden then shifts to the Commissioner to show that the claimant can perform other substantial gainful work that exists in the national economy.  Id.

Under the Social Security regulations, an application for disability benefits is evaluated according to a five-step sequential process.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920.  This process requires the presiding ALJ to review: (1) claimant's current work activity; (2) the severity of the impairments; (3) whether the impairments, considered alone or in combination, meet or equal any listing set forth in Part 404, Subpart P, Appendix 1, which would result in a conclusive presumption of disability; (4) whether claimant's residual functional capacity ("RFC") allows her to perform her past relevant work; and, if not, (5) whether claimant's specific RFC, in conjunction with a consideration of her age, education, and work experience, prevents her from performing other work that exists in the national economy.  The claimant is entitled to disability benefits only if she is not able to perform such other work.

**IV. The ALJ's Decision**

Using this sequential evaluation process, the ALJ determined that Plaintiff did not engage

in substantial gainful employment after October 13, 2001, the alleged onset date of her disability. R. at 31, Finding No. 2.  He determined that her back and depressive disorders were severe impairments, but did not meet the criteria for any impairment listed in Appendix 1, Subpart P, Regulation No. 4.  R. at 31, Finding No. 3.  Relying on the opinion of a vocational expert who testified that a hypothetical claimant with Plaintiff's limitations and capacity was able to work, the ALJ found that prior to May 1, 2004, Plaintiff retained the RFC to perform the exertional requirements of unskilled, light work in jobs that require only simple, repetitive tasks.  R. at 31, Finding No. 5.  He further found that after May 1, 2004, "[Plaintiff] retained the RFC to perform substantially less than the full range of sedentary work activities."  R. at 32, Finding No. 12.  Accordingly, Plaintiff qualified as "disabled" as of May 1, 2004, but not prior to that date.  R. at 32, Finding No. 14.

## V.  The Magistrate Judge's Report and Recommendation

In his Report and Recommendation, Magistrate Judge Rice found that substantial evidence supported the ALJ's conclusion that Plaintiff's impairments did not meet the Listing of Impairments prior to May 1, 2004.  However, he further concluded that the ALJ did not fully convey all of Plaintiff's "credibly established limitations" to the vocational expert on whose testimony the ALJ relied.  Specifically, the Magistrate Judge stated that "once the ALJ found Davis moderately limited in maintaining concentration, persistence of pace, and mildly limited in social functioning, the ALJ was required to include those limitations in the hypothetical question posed to the vocational expert."  Report and Recommendation at 33.   Since the vocational expert was not presented with complete information regarding Plaintiff's condition, the Magistrate Judge concluded that his opinion could not be considered substantial evidence to support the

ALJ's finding of non-disability prior to May 1, 2004.  Accordingly, he recommended that the matter be remanded to the Commissioner so that a vocational expert may opine on a hypothetical claimant possessing all of Plaintiff's credibly established limitations.

## VI. Analysis

Defendant objects only to Section II(D) of the Magistrate Judge's Report and Recommendation, which concludes that the ALJ erred by failing to convey to the vocational expert all of Plaintiff's credibly established limitations.  Plaintiff's opposition to Defendant's Objection does not raise additional objections.   Accordingly, this Court's review will be limited to Section II(D) of the Report and Recommendation.

Following a de novo review, this Court concurs with Magistrate Judge Rice's conclusion that the ALJ should have presented the vocational expert with all of Plaintiff's limitations that were supported by the record.  As the Magistrate Judge accurately noted, the ALJ found that the evidence in the record supported a finding of a mild limitation regarding social functioning, and a moderate limitation in maintaining concentration, persistence, or pace.  R. at 27.  However, the ALJ omitted these limitations from the hypothetical posed to the vocational expert, instead providing only the following information: "I recently found that the claimant at the age of 44 had a ninth grade education.  Had no past relevant work that she could perform and was limited to light exertional work with an SVP of 2." [...] "... let's add either light or sedentary with a sit-stand option."  R. at 539.[1]   The Court agrees that the ALJ's description was not sufficiently

---

[1] "SVP," or "Specific Vocational Preparation," is defined in the Dictionary of Occupational Titles as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  U.S. Department of Labor, Dictionary of Occupational Titles, Appendix C (4th ed. 1991).  An SVP of 2 corresponds to unskilled employment.  See Batts v.

specific to permit the vocational expert to render an informed opinion.

This conclusion is firmly supported by the case law in this circuit, which Defendant neither addresses nor seeks to distinguish. A vocational expert's opinion can only be considered substantial evidence if it reflects "<u>all</u> of the claimant's impairments that are supported by the record." <u>Allen v. Barnhart</u>, 417 F.3d 396, 407 (3d Cir. 2005) (emphasis in original) (quoting <u>Ramirez v. Barnhart</u>, 372 F.3d 546, 552 (3d Cir. 2004)); <u>see also</u> <u>DeCarlo v. Barnhart</u>, 116 Fed. Appx. 387, 390 (3d Cir. 2004). As numerous courts in this circuit have held, an ALJ's failure to include moderate limitations involving concentration, persistence, or pace, constitutes error warranting remand. <u>See</u> <u>Ramirez v. Barnhart</u>, 372 F.3d 546, 554 (3d Cir. 2004) ("a requirement that a job be limited to one to two step tasks, as was stated in the hypothetical relied upon by the ALJ, does not adequately encompass a finding that [Plaintiff] often has deficiencies in concentration, persistence, or pace, as was noted by the ALJ ..."); <u>see also</u> <u>Corona v. Barnhart</u>, 431 F. Supp. 2d 506, 516 (E.D. Pa. 2006) ("the ALJ's determination that Plaintiff suffers mild restrictions in activities of daily living, moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration is not properly reflected in her hypothetical question to the VE."); <u>Thompson v. Barnhart</u>, 2006 WL 709795, at *14-15 (E.D. Pa. March 15, 2006); <u>Barry v. Barnhart</u>, 2006 WL 2818433, at *10 (E.D. Pa. Sep. 28, 2006) ("the record as a whole demonstrates that [the plaintiff] suffered from at least moderate limitations in maintaining concentration, persistence, or pace, and that limitation should have been included in the hypothetical question."); <u>Colon v. Barnhart</u>, 424 F. Supp. 2d 805, 814 (E.D. Pa. 2006) ("When an ALJ incorporates a claimant's limitations into a hypothetical, 'great specificity' is

---

<u>Barnhart</u>, 2002 WL 862575, at *7 (E.D. Pa. May 3, 2002).


required.").

Defendant argues that "it would have been legal error for the ALJ to include any of his PRT [Psychiatric Review Technique] findings in hypothetical questions posed to the vocational expert." Defendant's Objections, at 2. This argument is rejected by the Third Circuit's decision in Ramirez, which concluded that the ALJ's findings on the PRT form about the claimant's deficiencies in concentration, persistence, or pace should have been included in the hypothetical. See Ramirez, 372 F.3d at 554 ("We are not satisfied that these limitations take into account the ALJ's own observation (both in her opinion and in the PRTF) that Ramirez often suffered from deficiencies in concentration, persistence, or pace.").

### VII.  Conclusion

For the foregoing reasons, the Court finds that the ALJ erred in failing to include in his hypothetical to the vocational expert all of Plaintiff's limitations that were supported by the record. Accordingly, Defendant's Objections will be overruled, the Report and Recommendation will be adopted, and the matter will be remanded for further proceedings consistent with this Memorandum. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLONCO R. DAVIS** | : | **CIVIL ACTION** |
| v. | : | |
| | : | NO. 06-3550 |
| **MICHAEL J. ASTRUE,** *Commissioner of the* | : | |
| *Social Security Administration* | : | |

**ORDER**

**AND NOW**, this 30th day of July, 2007, the Court having considered Plaintiff's Motion for Summary Judgment and Defendant's Opposition thereto, and having reviewed the Report and Recommendation of United States Magistrate Judge Timothy R. Rice, Defendant's Objections thereto, and the record, including the ALJ's decision, transcript of the hearing, and hearing exhibits, it is **ORDERED** that:

1. The Report and Recommendation (docket no. 16) is **APPROVED** and **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment and Request for Review (docket no. 8) is **GRANTED**; and

3. The matter is **REMANDED** to the Commissioner for further proceedings.

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**